Juan Montañez Cruz et al., Plaintiffs and Appellants, *v.* Metropolitan Construction Corp. et al., Defendants and Appellees; Puerto Rico Aqueduct and Sewer Authority, Third Appellee. Francisco Rivera Toledo et al., Plaintiffs and Appellants, *v.* Metropolitan Construction Corp. et al., Defendants and Appellees; Puerto Rico Aqueduct and Sewer Authority, Third Defendant and Appellee.

No. 376. Decided December 28, 1962.

*E. Rodríguez Colón* for appellants.  *L. E. Dubón, Luis E. Dubón, Jr., A. Torres Braschi,* and *R. Luis Sánchez* for appellees.

*Ramón Gandía Vizconde, Félix Bello, Angel C. Calderón,*
and *Aura Lydia Rivas* for the Puerto Rico Aqueduct and
Sewer Authority.

Division composed of Mr. Justice Pérez Pimentel, as Chief
Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

For more than two years plaintiffs litigated in the two
above-entitled cases their claim for damages against defendants. The latter always disclaimed any liability for the damages claimed. The trial court finally rendered judgment for
plaintiffs ordering defendants to pay them solidarily several
sums of money, plus costs, but without any pronouncement
on attorney's fees. At plaintiffs' request, we decided to review this aspect of the judgment.

■■ The award of attorney's fees is mandatory whenever the trial court concludes that a party has been obstinate.
*Ortiz* v. *Martorell,* 80 P.R.R. 525. In the absence of an express conclusion to that effect, a pronouncement in the judgment ordering the payment of attorney's fees implies that the
trial court concluded that the party at fault was obstinate.
*Castro* v. *Payco, Inc.,* 75 P.R.R. 59; *Ortiz* v. *Martorell, supra.*
*A contrario sensu,* in the absence of such pronouncement the
presumption is that the court concluded that the losing party
was not obstinate.

■ The determination of whether a litigant has been
obstinate rests in the sound discretion of the trial court. *Cf.*
*Font* v. *Pastrana,* 73 P.R.R. 238. We will not review such
determination unless the record shows that there has been
abuse of discretion.

■ An examination of the record in these cases shows
that defendants were obstinate and that the trial court erred
in not ordering them to pay attorney's fees. Defendant-appellee admits it in its brief. The fact that it was compelled
to sue a third person who afterwards was also found to be

solidarily liable for damages does not overcome its manifest obstinacy in the litigation. The third-party defendant was also obstinate in disclaiming responsibility and defending itself in the action.[1] The reduction in the amount of compensation awarded does not imply by itself defendants' lack of obstinacy.[2]

The judgment of the Superior Court will be modified, and defendants and the third-party defendant are ordered to pay solidarily to plaintiffs, by way of attorney's fees, the sum of $500 in each case, or a total of $1,000, and as thus modified it will be affirmed.

---

[1] See *Santana* v. *Prensa Insular, Inc.*, 68 P.R.R. 26; *Roses* v. *Juliá*, 67 P.R.R. 485.

[2] *Acha* v. *Nevares*, 59 P.R.R. 235; *Mercado* v. *American Railroad Co.*, 61 P.R.R. 222.